COLD METAL PROCESS CO. et al. v.
UNITED ENGINEERING &
FOUNDRY CO.

No. 2991.

United States District Court
W. D. Pennsylvania.

Sept. 26, 1950.

See also D.C., 83 F.Supp. 914.

Webb, Mackey & Burden, Pittsburgh, Pa., and Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiffs.

Brown, Critchlow, Flick & Peckham, Pittsburgh, Pa., for defendant.

McVICAR, Chief Judge.

This case is now before us on the petition for instructions to the Master regarding further proceedings filed by the plaintiffs December 9, 1949. The petition sets forth as follows: "Now come the plaintiffs, The Cold Metal Process Company and The Union National Bank of Youngstown, Ohio, Trustee of the Leon A. Beeghly Fund, and respectfully petition this Honorable Court to instruct the Master, J. Garfield Houston, Esq., to hear, receive and report to the Court all pertinent and relevant evidence the parties hereto may desire to offer in regard to the value of the rights held by defendant under the agreement of June 20, 1927, and to again instruct the Master to proceed, pursuant to the interlocutory decree entered by this Court on July 22, 1943, to determine, ascertain, state and report to this Court the proper basis of payment and the total amount of the payment to be made by the defendant to plaintiffs for the rights possessed and enjoyed by defendant under and any virtue of said agreement of June 20, 1927."

The petition contains the following prayer:

"Wherefore, plaintiffs pray that this Court instruct the Master as follows:

"a. To vacate said interlocutory report and any order entered or to be entered on the basis thereof.

"b. That the January, 1928 letters do *not* constitute any understanding or agreement or conclusive evidence of intention as to the basis or amount of the payment to be made by United to plaintiffs under the 1927 agreement.

"c. To proceed to receive any and all evidence submitted or to be submitted by the parties pertinent and relevant to (a) the value of the rights of United under the 1927 agreement, (b) any proper basis of award to plaintiffs and (c) the total amount which should be paid by United to plaintiffs to fully, fairly and equitably compensate plaintiffs for the rights possessed or claimed by United under said agreement as construed heretofore by the Court."

In Moore's Federal Practice, Vol. 3, pp. 3134, 3135, it is stated: "Following the practice under Equity Rule 62, the master is given the power to regulate the proceedings before him and take all measures necessary for the proper performance of his duties under the order. An abuse of this discretion may warrant an application to the Court for relief, but such applications are not encouraged; the court is generally

loath to dictate to the master how to conduct proceedings before him, since such interference would tend to defeat the very purpose of reference. When difficult questions of law arise upon a reference, the decision upon which may admit or exclude a large amount of evidence, the party aggrieved by the master's rulings may apply to the court for instructions to the master upon the subject, but as indicated, such applications are granted only in extraordinary cases."

 I am of the opinion that this is not an extraordinary case. I also understand from statements of the attorneys at the oral argument that the Master will be able to make his report to this court in the near future. I am of the opinion, therefore, that the petition should be refused.